---

## The Fox.[*]

(*Circuit Court, E. D. Louisiana.* January, 1883.)

Tow-Boats—Tolls.

The relation of a tow-boat to the vessels it has in tow is not such as to make it liable for the tolls due by said vessels for passing through a channel excavated by private enterprise, and for which passage tolls are allowed by statute to be charged.

In Admiralty.

*Thomas L. Bayne* and *George Denegre*, for libelant.

*E. M. Hudson* and *J. Walker Fearn*, for claimants.

PARDEE, J. The legislature of Alabama enacted—

"That John Grant be, and he is hereby, authorized to enter upon and take possession of so much of the shoal or shell reef, situated between Dauphin island and Cedar Point, in the county of Mobile, as may be necessary to cut or excavate a channel or channels of sufficient depth and width to afford a good, safe inland passage for steam-boats and other vessels in the trade between the waters of Mobile bay and other places on the Gulf of Mexico, etc.; that, so soon as said Grant shall have deepened or excavated a channel of sufficient depth and width to admit the passage of steam-boats or other vessels drawing five feet of water, he shall be authorized to charge and receive, from all such boats or vessels as may go in or out of said channel, a toll or tonnage duty at a rate not to exceed 15 cents for each ton of the registered measurement of such boat or vessel, and any boat or other vessel that shall become liable for toll as aforesaid, whose captain, owner, or other person who may be in charge, neglecting or refusing to pay the same for five days after the same shall have been demanded, shall be liable to be sued for the amount of the toll due, together with 50 per cent. damages, and said boat or other vessel and their owners shall be liable for the same, together with costs of suit, to be collected before any court of competent jurisdiction," etc.

The libel in this case is prosecuted to compel the steamer Fox, which is a tug-boat of about 25 tons measurement, to pay tolls for 11 passages through the pass or canal built by John Grant under the

[*]Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

authority of said act of the legislature, and also to recover from the Fox tolls on 11 boats and barges by it towed through said pass. The claimant admits liability for the tolls claimed on the Fox, and alleges a tender of the same, but denies liability for the boats and barges admitted to have been towed through the pass.

Taking it for granted in this case, because not disputed by claimant, that the tolls authorized by the act aforesaid constitute a maritime lien on all such boats or vessels as may go in or out of said channel, the only question for decision in the case is whether the relation of a tug-boat to the boat or vessel it has in tow is such as to make it liable for the tolls which the act puts on the boat or vessel. No such liability arises from the legislative grant aforesaid. By that authority each boat or vessel going in or out of the channel is made liable, and the amount of toll may be recovered from the "boat or other vessel, and their owners." The owner of the pass may follow the boat or other vessel going in or out of the channel, or the owner of such boat or other vessel, but he is given no remedy against any other party.

The ordinary contract of towage is one merely covering the furnishing of propelling power to move a boat or vessel from one place to another. See Desty, Shipp. & Adm. §§ 332, 333. In such contracts tug-boats or tow-boats are not common carriers even. *The Webb,* 14 Wall. 406.

I am unable to see how a tow-boat, towing a vessel through Grant's pass, can be held liable for toll except on its own measurement, unless the liability is implied from the contract of towage, or is incurred by special contract. I think it clear that no such liability is implied from the contract of towage, and there is no suggestion of any special contract.

The libelant should have a decree for the amount of tolls due on the Fox, and his claim to recover tolls on the boats and barges in this action should be rejected. The claimant having confessed in his answer liability for all libelant is entitled to recover, should pay the costs up to the first decree rendered in the case. All the other costs in the district court and the costs in this court should be paid by the libelant. And it is so ordered.